JUANA RAMÍREZ RODRÍGUEZ ET AL., Plaintiffs and Appellees,
  *v.* EMILIANO RAMÍREZ RODRÍGUEZ ET AL., Defendants and
  Appellants.

No. 11851. Submitted June 16, 1958.—Decided June 25, 1958.

---

*José Veray, Jr.* for appellants.   *Enrique González Mena* for appellees.

PER CURIAM.

After examining the record and analyzing the evidence presented to the trial court, and after considering the questions raised by the parties in their briefs, this Court holds that the three errors assigned by the appellants are frivolous.   After the enactment of § 10 of the Judiciary Act of 1952, 4 L.P.R.A. § 62, it is inconceivable for a party to make the first assignment.   Even assuming that the Superior Court is not the court of proper venue to take cognizance of this case, as the appellant alleges, the latter did not move timely for the change of venue to the District Court.   The case was heard before the Superior Court by tacit agreement of the parties and with the consent of the judge presiding at the time in such Part.   The appellant himself admits that he was not aware of the alleged question of competency and that "that is why we raise it on appeal for the first time."   See *Cooperativa Cafeteros* v. *Colón*, 76 P.R.R. 442, 446 (1954) and *Rodríguez* v. *Registrar*, 75 P.R.R. 669 (1953).

██ The second error assigned attacks the findings of fact of the Superior Court in the instant case. There exists no basis in the evidence whatsoever to set them aside. See 32 L.P.R.A. App. R. 52; *Carrión* v. *Treasurer of P. R.*, 79 P.R.R. 352, 363–365 (1956); *Ochoa* v. *Cía. Ron Carioca*, 79 P.R.R. 810, 811 (1957). Neither is there any justification in the record to allege that the lower court erred in ordering the defendants to pay $100 as attorney's fees to the plaintiffs. See *Géigel* v. *Ramos*, 79 P.R.R. 812, 814–15 (1957); *Martín* v. *Torres*, 79 P.R.R. 370, 371 (1956); *Torres* v. *Biaggi*, 72 P.R.R. 813, 820 (1951).

█ In our opinion, the appellant in this case has acted with obstinacy in taking an appeal, for which reason the sum of $200 is imposed on him as attorney's fees on appeal, to be paid to appellees. See 32 L.P.R.A. § 1461; *Géigel* v. *Ramos, supra; Martínez & Márquez, Inc.* v. *Whitehead & Co.*, 79 P.R.R. 145 (1956); *Pabón* v. *Morales*, 79 P.R.R. 146 (1956) and *Martín* v. *Torres, supra.*

The judgment appealed from must be affirmed, and appellants are ordered to pay the sum of $200 as attorney's fees on appeal, to appellees.